IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRIA D. HAMM | : | NO. 02-CV-4550 |
| | : | |
| v. | : | |
| | : | |
| ROYAL GREEN CORPORATION, PSC METALS, INC., and ROYAL GREEN CORPORATION, t/d/b/a PSC METALS, INC. | : : : | JURY TRIAL DEMANDED |

**DEFENDANT ROYAL GREEN CORPORATION'S**
**ANSWER TO THE AMENDED COMPLAINT**

This Answer to the Amended Complaint is filed on behalf of Answering Defendant Royal Green Corporation (hereinafter "Royal Green"), who answers the allegations as contained within the Amended Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Denied. It is specifically denied that that Plaintiff complied with all of the jurisdictional prerequisites or exhausted her state and federal administrative remedies before the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission as it relates to Answering Defendant Royal Green. By way of further answer, the Right to Sue letter attached to the Amended Complaint speaks for itself and in that regard provides that the Complaint filed by the Plaintiff with the Equal Employment Opportunity Commission was filed only against PSC Metals, Inc. and not against the Answering Defendant Royal Green.

3. Denied.

4. Answering Defendant Royal Green admits that it transacts business in the Commonwealth of Pennsylvania but denies that it employs in excess of 15 individuals and as such engages in interstate commerce within the meaning of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended. Answering Defendant Royal Green admits that the

1

acts that are alleged in the Complaint, to the extent they were committed, which is denied, were at Royal Green's location in Temple, Berks County, Pennsylvania.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that Answering Defendant Royal Green is a Pennsylvania corporation doing business at the West Huller Lane address in Temple, Berks County, Pennsylvania. It is denied that Answering Defendant Royal Green trades and/or does business as PSC Metals, Inc. and it is further averred that Answering Defendant Royal Green is a separate, distinct and otherwise unrelated entity to PSC Metals, Inc.

7. The allegations set forth within Paragraph 7 relate only to a Defendant other than to Answering Defendant Royal Green and as a result no responsive pleading is required.

8. It is admitted that Answering Defendant Royal Green is engaged in the business of scrap metal recycling.

9. It is denied that Answering Defendant Royal Green has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII as Answering Defendant Royal Green does not and has never employed any employees.

10. It is denied that Answering Defendant Royal Green hired Plaintiff on September 20, 1999 as an accounting clerk. By way of further answer, Plaintiff was hired by Huller Lane Corporation d/b/a Scrapco Leasing (hereinafter "Scrapco") which is an entity related to Royal Green. All of the remaining averments are denied.

11. Denied as stated. By way of further answer, Plaintiff worked full time for Scrapco at the Answering Defendant Royal Green's facility from September 20, 1999 through March 9, 2001 in a clerical capacity and that thereafter was employed by the other Defendant, PSC Metals, Inc. until she quit that employment.

2

12. Denied as stated.  By way of further answer, James Clark was not employed by Answering Defendant Royal Green, but by Scrapco and was its agent and representative at all times material to this Complaint.  It is denied that he was Plaintiff's immediate and/or sole supervisor and further denied that he engaged in any of the sexually inappropriate behavior alleged to have been directed by him towards Plaintiff.

13. Denied.

14. Denied.

15. Denied.

16. The averments set forth within Paragraph 16 relate to complaints made by Plaintiff to a Defendant other than the Answering Defendant Royal Green and as such no responsive pleading is required.  To the extent a responsive pleading is required, Royal Green is without knowledge or information sufficient to form a belief as to whether Plaintiff ever complained to David Witkoski.

17. It is admitted that Plaintiff called the Royal Green facility on or about October 18, 2001 with regard to her absence on or about that same day.  It is denied that she ever advised anyone at that time that her absence was as a result of any medical or psychological condition caused by any of the conduct which is alleged within her Amended Complaint.  It is further denied that Plaintiff's voicemail and password were then deleted from the telephone and computer systems of Answering Defendant Royal Green.

18. It is denied that the working conditions at Royal Green were intolerable and hostile.  It is admitted that Plaintiff resigned from her employment but such resignation from her employment was not with the Answering Defendant Royal Green, but the other defendant, PSC Metals, Inc. for whom she was then employed.  It is denied that she was compelled to resign.  The remaining averments within Paragraph 18 that Plaintiff was constructively terminated is a

3

conclusion of law for which a responsive pleading is not required, but, to the extent a responsive pleading is required, it is denied.

19. Admitted in part and denied in part. It is admitted that Plaintiff brought certain charges against Clark with the Northeastern Berks Regional Police, but it is denied that Clark was arrested with regard to such criminal charges. It is admitted that Clark pled no contest to at least one charge.

20. Admitted in part and denied in part. By way of further answer, it is admitted that Answering Defendant Royal Green had no sexual harassment policy or equal employment opportunity policy at its workplace but Answering Defendant Royal Green did not employ Plaintiff or any other employees. By way of further answer, Scrapco Leasing, to whom Plaintiff was employed through March 9, 2001, had such policies but Plaintiff did not utilize these policies during the course of her employment with Scrapco. Alternatively, it is denied that the policies in place by Scrapco were inadequate, incomplete and ineffective and thus legally insufficient.

21. It is admitted that Answering Defendant Royal Green did not conduct sensitivity training or anti-harassment training on the subject of sexual harassment. By way of further answer, it is denied that such training is required by law.

22. Denied. By way of further answer, while Answering Defendant Royal Green had no procedure, such a procedure was in place through Scrapco, Plaintiff's employer, which had a complaint or investigative procedure in place for its employees which was never utilized by Plaintiff while she was employed by Scrapco through March 9, 2001.

23. Admitted in part and denied in part. It is admitted that Plaintiff filed a Complaint with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission claiming employment discrimination and sexual harassment. It is denied that the

4

Complaint was filed against Answering Defendant Royal Green as it was filed only against PSC Metals, Inc.

24. It is admitted that a Notice of Right to Sue, also referred to as a Right to Sue letter, is attached as Exhibit A which speaks for itself. It is denied that the Right to Sue letter was issued by the EEOC as to Answering Defendant Royal Green.

**COUNT I-SEXUAL HARASSMENT**

25. Answering Defendant Royal Green's responses to the averments set forth within Paragraphs 1-24 of the Amended Complaint are incorporated by reference as though more fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to what Plaintiff believed with regard to the futility of complaining about any of the conduct attributable to Clark.

34. Denied.

35. To the extent that the averments set forth within Paragraph 35 are not legal conclusions to which a responsive pleading would not be required, they are denied.

36. To the extent that the averments set forth within Paragraph 36 are not legal conclusions to which a responsive pleading would not be required, they are denied.

5

37. To the extent that the averments set forth within Paragraph 37 are not legal conclusions to which a responsive pleading would not be required, they are denied.

38. Denied. By way of further answer, Answering Defendant Royal Green through Scrapco had policies and procedures in place to address harassment and Plaintiff while she was employed by Scrapco failed to so proceed.

WHEREFORE, it is respectfully urged that Count I alleging sexual harassment be dismissed as against Answering Defendant Royal Corporation based upon the denials contained within as well as the fact that Answering Defendant Royal Green was not the employer of Plaintiff.

### COUNT II-GENDER BASED DISCRIMINATION

39. Answering Defendant Royal Green's responses to the averments set forth within Paragraphs 1-38 of the Amended Complaint are incorporated by reference as though more fully set forth herein.

40. Denied.

41. Denied.

42. To the extent that the averment that Plaintiff's employment was terminated by reason of a constructive termination is not a legal conclusion to which no responsive pleading is required; it is denied. It is further denied that to the extent that there was a constructive termination, it was the direct and proximate result of Plaintiff's gender and/or her complaints of sexual harassment. It is specifically denied that there was any such complaint of sexual harassment made by Plaintiff or any retaliation in response thereto occurred.

43. To the extent that the averments set forth within Paragraph 43 are not legal conclusions to which a responsive pleading would not be required, they are denied.

SL1 292278v3/06706.007

WHEREFORE, it is respectfully requested that Count II alleging gender based discrimination be dismissed by reason of the denials as well as the fact that Answering Defendant Royal Green was not the employer of Plaintiff.

### COUNT III-WRONGFUL TERMINATION

44. Answering Defendant Royal Green's responses to the averments set forth within Paragraphs 1-43 of the Amended Complaint are incorporated by reference as though more fully set forth herein.

45. Denied.

46. To the extent that the averment that Plaintiff's employment was terminated by reason of a constructive termination is not a legal conclusion to which no responsive pleading is required; it is denied. It is further denied that to the extent that there was a constructive termination that it was the direct and proximate result of Plaintiff's gender and/or her complaints of sexual harassment. It is specifically denied that there was any such complaint of sexual harassment made by Plaintiff or any retaliation in response thereto occurred.

47. Admitted in part and denied in part. By way of further answer, Answering Defendant Royal Green admits only that similarly situated employees, to the extent that there are any such persons, were neither terminated nor constructively terminated and, in so doing, denies that Plaintiff was terminated or constructively terminated.

48. The averment that Plaintiff's employment was terminated by reason of a constructive termination is a legal conclusion to which no responsive pleading is required; but, to the extent that a responsive pleading is required, it is denied. It is further denied that to the extent that there was a constructive termination, it was the direct and proximate result of Plaintiff's gender and/or her complaints of sexual harassment. It is specifically denied that any such complaint of sexual harassment and retaliation in response thereto occurred.

7

49. To the extent that the averments set forth within Paragraph 49 are not legal conclusions to which a responsive pleading would not be required, they are denied.

50. Denied.

51. Denied.

WHEREFORE, it is respectfully urged that Count III alleging wrongful termination be dismissed by reason of the denials contained within as well as the fact that no such claim is recognized under Pennsylvania law for at-will employees like Plaintiff.

**COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52. Answering Defendant Royal Green's responses to the averments set forth within Paragraphs 1-51 of the Amended Complaint are incorporated by reference as though more fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied. It is specifically denied that Plaintiff was subjected to the conduct complained of within the Amended Complaint and Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to whether Plaintiff suffered emotional distress, pain, anguish, humiliation, embarrassment and injury and, if so, to what extent.

60. Denied. It is specifically denied that Plaintiff has been injured as a result of the conduct complained of within the Amended Complaint and Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to whether Plaintiff will be

required to incur expenses in seeking medical and psychological treatment and counseling with respect to a cure for any such injuries to the extent that there are any such injuries.

      61.    Denied. It is specifically denied that Plaintiff has been injured as a result of the conduct complained of within Plaintiff's Amended Complaint and Answering Defendant Royal Green denies as speculative what may or may not occur in the future with regard to Plaintiff's ability to attend to her usual and customary occupation and duties.

      WHEREFORE, it is respectfully urged the Count IV alleging intentional infliction of emotional distress be dismissed.

**COUNT V-NEGLIGENCE**

      62.    Answering Defendant Royal Green's responses to the averments set forth within Paragraphs 1-61 of the Amended Complaint are incorporated by reference as though more fully set forth herein.

      63.    Denied.

      64.    Denied.

      65.    Denied.

      66.    The averments set forth within Paragraph 66 are legal conclusions to which no responsive pleading is required; to the extent that a responsive pleading is required, it is denied.

      67.    Denied.

      68.    Denied.

      69.    Denied. It is specifically denied that Answering Defendant Royal Green acted negligently. Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to whether Plaintiff's good name, credit and reputation have been injured.

      70.    Denied. It is specifically denied that Answering Defendant Royal Green acted negligently. Answering Defendant Royal Green is without knowledge or information sufficient

SL1 292278v3/06706.007

to form a belief as to whether Plaintiff has suffered severe physical and emotional distress, pain, anguish, humiliation, embarrassment and injury.

71.  Denied.  It is specifically denied that Answering Defendant Royal Green acted negligently.  Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to whether in the future Plaintiff will be forced to incur expense in seeking and securing medical and psychological treatment as a result of any of the injuries sustained by reason of such negligence.

72.  It is denied that Answering Defendant Royal Green acted negligently.  By way of further answer, Answering Defendant Royal Green is without knowledge or information sufficient to form a belief as to whether in the future Plaintiff may be prevented from attending to her usual and customary occupation and duties.

WHEREFORE, it is respectfully urged the Count V alleging negligence on the part of Royal Green be dismissed for reason of the general denials as well as the preemption of such negligence claim.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state claims upon which relief can be granted.

2.  Plaintiff's claims are barred by the applicable statute of limitations.

3.  Plaintiff has failed to exhaust administrative remedies, a prerequisite to bringing suit under Title VII, and failed to file any administrative complaint of discrimination as against Defendant Royal Green.

4.  Defendant Royal Green is not an employer within the meaning of Title VII.

5.  Plaintiff's claims for wrongful termination are not recognized under Pennsylvania law.

      6.      Plaintiff's other state law tort claims are barred by the exclusivity provisions of the Workers' Compensation Law.

      7.      Any conduct within the workplace was consensual, welcome and neither subjectively hostile or offensive.

Dated:  September 20, 2002        STEVENS & LEE

By: _____
    Larry J. Rappoport, Esquire
    Attorney I.D. No. 26922
    One Glenhardie Corporate Center
    1275 Drummers Lane
    P.O. Box 236
    Wayne, PA  19087-0236
    (610) 293-4967

    Attorney for Defendant
    Royal Green Corporation

SL1 292278v3/06706.007

CERTIFICATE OF SERVICE

       I, LARRY J. RAPPOPORT, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Defendant Royal Green Corporation's Answer to the Amended Complaint upon the following counsel of record, by sending the same via Federal Express Priority Overnight Delivery, addressed as follows:

> Jeffrey R. Elliott, Esquire
> Kozloff Stoudt
> 2640 Westview Drive
> P.O. Box 6286
> Wyomissing, PA  19610
>
> Brian A. Maciak, Esquire
> Frantz Ward, LLP
> 55 Public Square Building, 19th Flr.
> Cleveland, OH  44113-1999

                                                                                 _____

Date:  September 30, 2002