IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRIA HAMM, | ) | CASE NO. 02 CV 4550 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PSC METALS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PSC METALS, INC.'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

AND NOW comes Defendant PSC Metals, Inc. ("PSC"), by and through its undersigned counsel, and answers Plaintiff Alexandria Hamm's ("Plaintiff") Amended Complaint, insofar as the allegations relate to it, as follows:

**FIRST DEFENSE**

1. As to allegations contained in Paragraph 1 of the Amended Complaint, PSC admits that Plaintiff is attempting to assert jurisdiction pursuant to various federal statutes, but denies the remaining allegations contained therein.

2. As to Paragraph 2 of the Complaint, PSC admits that Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. PSC denies the remaining allegations contained therein.

3. PSC admits that Plaintiff purports to state an amount in controversy exceeding $150,000 in Paragraph 3 of the Amended Complaint.

4. As to Paragraph 4 of the Amended Complaint, PSC admits that it transacts business within the Commonwealth of Pennsylvania and employs in excess of 15 individuals. PSC denies that the facility in Temple, Berks County, Pennsylvania is PSC's. PSC denies the remaining allegations contained therein.

5. As to Paragraph 5 of the Amended Complaint, PSC admits that Plaintiff is a female. For lack of knowledge sufficient to form a belief as to Plaintiff's address and whether she is a citizen of the United States, PSC denies the remaining allegations contained therein.

6. For lack of knowledge sufficient to form a belief as to where Defendant Royal Green Corporation is registered and authorized to conduct business, PSC denies the allegations contained in Paragraph 6 of the Amended Complaint. Further answered, PSC specifically denies that Royal Green Corporation trades or does business as PSC Metals, Inc.

7. As to Paragraph 7 of the Amended Complaint, PSC admits that it does business in and has corporate offices and a registered place of business in Ohio. PSC denies the remaining allegations contained therein.

8. As to Paragraph 8 of the Amended Complaint, PSC admits that it is engaged in, among other things, the business of scrap metal recycling.

9. As to Paragraph 9 of the Amended Complaint, PSC admits that it engages in an industry affecting commerce. PSC denies the remaining allegations contained therein.

10. PSC denies the allegations contained in Paragraphs 10, 11, 12, 13, 14 and 15 of the Amended Complaint.

11.     As to Paragraph 16 of the Amended Complaint, PSC admits that Mr. Witkowski works in its Ohio office and served as Plaintiff's supervisor. PSC denies the remaining allegations contained therein.

12.     PSC denies the allegations contained in Paragraph 17 of the Amended Complaint.

13.     As to Paragraph 18 of the Amended Complaint, PSC admits that Plaintiff resigned from employment with PSC. PSC denies, however, that she was compelled to resign or that she was constructively terminated.

14.     For lack of knowledge sufficient to form a belief as to the criminal events alleged in Paragraph 19 of the Amended Complaint, PSC denies them.

15.     PSC denies the allegations contained in Paragraphs 20, 21 and 22 of the Amended Complaint.

16.     As to Paragraph 23 of the Amended Complaint, PSC admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission against PSC. PSC denies the remaining allegations contained therein.

17.     PSC admits the allegations contained in Paragraph 24 of the Amended Complaint.

<u>COUNT I</u>

18.     As to Paragraph 25 of the Amended Complaint, PSC adopts and incorporates by reference Paragraphs 1-17 of this Answer as if fully rewritten herein.

19.     PSC denies the allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the Amended Complaint.

WHEREFORE, PSC prays that Count I be dismissed against it based on the denials contained herein as well as the fact that PSC did not employ the alleged harasser.

## COUNT II

20. As to Paragraph 39 of the Amended Complaint, PSC adopts and incorporates by reference Paragraphs 1-19 of this Answer as if fully rewritten herein.

21. PSC denies the allegations contained in Paragraphs 40, 41, 42 and 43 of the Amended Complaint.

WHEREFORE, PSC prays that Count II be dismissed against PSC based on the denials contained herein as well as the fact that PSC did not employ the alleged harasser.

## COUNT III

22. As to Paragraph 44 of the Amended Complaint, PSC adopts and incorporates by reference Paragraphs 1-21 of this Answer as if fully rewritten herein.

23. PSC denies the allegations contained in Paragraphs 45, 46, 47, 48, 49, 50 and 51 of the Amended Complaint.

WHEREFORE, PSC respectfully requests that Count III be dismissed based on the denials contained herein and the fact that Pennsylvania does not recognize such a claim for an at-will employee such as Plaintiff.

## COUNT IV

24. As to Paragraph 52 of the Amended Complaint, PSC adopts and incorporates by reference Paragraphs 1-23 of this Answer as if fully rewritten herein.

25. PSC denies the allegations contained in Paragraphs 53, 54, 55, 56, 57, 58, 59, 60 and 61 of the Amended Complaint.

WHEREFORE, PSC respectfully requests that Count IV be dismissed based on the denials contained herein.

## COUNT V

26. As to Paragraph 62 of the Amended Complaint, PSC adopts and incorporates by reference Paragraphs 1-25 of this Answer as if fully rewritten herein.

27. PSC denies the allegations contained in Paragraph 63, 64, 65, 66, 67, 68, 69, 70, 71 and 72 of the Amended Complaint.

WHEREFORE, Defendant PSC respectfully requests that Count V be dismissed based on the denials contained herein and the fact that such claim is preempted by Pennsylvania Workers' Compensation Laws.

28. PSC denies each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted as true in this Answer.

## **SECOND DEFENSE**

29. The allegations in Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted.

## **THIRD DEFENSE**

30. Plaintiff's claims are barred to the extent they are filed outside of the applicable statute of limitations.

## **FOURTH DEFENSE**

31. Plaintiff cannot recover for damages to the extent that she has failed to mitigate her damages.

### FIFTH DEFENSE

32. Plaintiff's claim of sexual harassment is barred because PSC took prompt remedial action and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by PSC, or otherwise avoid harm.

### SIXTH DEFENSE

33. All of PSC's actions were done for legitimate, non-discriminatory reasons.

### SEVENTH DEFENSE

34. Plaintiff's claims are barred to the extent she has failed to satisfy the administrative prerequisites to filing suit.

### EIGHTH DEFENSE

35. Any conduct within the workplace was consensual, welcome and not subjectively hostile or offensive.

### NINTH DEFENSE

36. Some of Plaintiff's claims were caused, in whole or in part, by the contributory and/or comparative acts of Plaintiff and/or third parties.

### TENTH DEFENSE

37. Plaintiff failed to join one or more necessary and indispensable parties to this action.

### ELEVENTH DEFENSE

38. Some of Plaintiff's claims are barred, in whole or in part, by virtue of the acts and/or omissions of Plaintiff and/or third parties which constitute responsible and/or intervening and/or superceding causes of Plaintiff's alleged damages.

## TWELFTH DEFENSE

39.  Plaintiff's claims for wrongful termination are not recognized under Pennsylvania law.

## THIRTEENTH DEFENSE

40.  Plaintiff cannot establish a reasonable likelihood of proving facts sufficient to support an award of punitive damages.

## FOURTEENTH DEFENSE

41.  Some or all of Plaintiff's claims are barred by Pennsylvania Workers' Compensation Laws.

## FIFTEENTH DEFENSE

42.  Defendant PSC Metals, Inc. reserves the right to assert additional affirmative defenses as they become known and available.

WHEREFORE, PSC prays for judgment as follows:

1.  That Plaintiff's Amended Complaint be dismissed with prejudice;

2.  That PSC be awarded costs and attorneys' fees for this action; and

3.  For such other relief as this Court may deem just and proper.

Respectfully submitted,

_____
Daniel A. Ward        (Ohio No. 0025064)
Brian A. Maciak       (Ohio No. 0072793)

**FRANTZ WARD LLP**
55 Public Square, 19th Floor
Cleveland, OH  44113
(216) 515-1660

Attorneys for Defendant

                                                  _____
Larry J. Rappoport
Attorney I.D. No. 26922
One Glenhardie Corporate Center
1275 Drummers Lane
P.O. Box 236
Wayne, PA 19087-0236
(610) 293-4967

## CERTIFICATE OF SERVICE

    This is to certify that a copy of Defendant PSC Metals, Inc.'s Answer to Plaintiff's Amended Complaint was served via U.S. Mail on this ____ day of September 2002 on the following:

>Jeffrey R. Elliott, Esq.
>Kozloff Stoudt
>2640 Westview Drive
>P.O. Box 6286
>Wyomissing, PA 19610

                                                          Attorney for Defendant PSC Metals, Inc.